#s 6305036 and 3125086          File No. 5250

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS, <br><br>        Plaintiffs, <br><br>v. <br><br>UNKNOWN JOHN DOE(s), <br><br>        Defendant(s), | ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Case No._____ |

## COMPLAINT

NOW COME the Plaintiffs, GTS TRANSPORTATION CORPORATION (hereinafter, the "Plaintiff" or "GTS"); ROMAN BURZA ("Burza"); TOMAS STIRBYS ("STIRBYS") (Collectively, the "Plaintiffs"), by and through their attorneys at Zane D. Smith and Associates, Ltd. and Law Office of Michael Goode, and for their Complaint against the Defendant(s), UNKNOWN JOHN DOES (the "Defendants"), state as follows:

## INTRODUCTION

1. This action arises as a result of the Defendants' egregious misconduct in wrongfully accessing GTS' computer system and misappropriating its confidential, proprietary and trade secret information.

2. GTS is currently unable to ascertain the identities of the Defendants; however, based on the fact that the Defendants' IP Addresses are known, Plaintiff expects to learn their identities through discovery and will seek to amend this Complaint.

3. Defendants' misconduct gives rise to both federal and state law claims for relief. With this lawsuit, the Plaintiff asserts multiple causes of action: (1) violation of the United States

1

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.; (2) Violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq*.; (3) violation of the Illinois Trade Secrets Act, 765 ILCS 1065; (4) common law defamation *per se*. Plaintiff may add additional causes of action once the identities of the Defendants become known.

## PARTIES

4. GTS is an Illinois Corporation, which is engaged in the business of cargo and freight hauling, which, at all relevant times, was located and maintained its principal office in the County of DuPage, state of Illinois. GTS also maintains offices in several states and foreign countries.

5. Stirbys is an individual and president of GTS, who, at all relevant times, resided in the County of DuPage, State of Illinois.

6. Burza is, and was at all relevant times the Director of European Operations of GTS.

7. Defendant(s) are unknown on this time; however, based on the review by the Plaintiff's IT personnel, Plaintiff has their IP addresses and Plaintiff is aware when the unidentified Defendants accessed the Plaintiff's computer system.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331, namely the Computer Fraud and Abuse Acct ("CFAA") (18 U.S.C. § 1030, *et seq*.); the Stored Communications Act ("SCA") (18 U.S.C. § 2701, *et seq*.); and over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district court under 28 U.S.C. § 1391(a)(1) because a substantial part of the events giving ris to this lawsuit occurred in this district.

## GENERAL FACTUAL ALLEGATIONS

### A. Trade Secrets

10. GTS provides a range of cargo and freight services throughout the continental United States and its revenues come exclusively from fees earned as a result of customer relationships. The value of customer relationships, therefore, is central to GTS' business viability.

11. GTS has developed at significant cost, a proprietary list of customers, through at least 15 years of doing business in freight and cargo hauling business and marketing. The developed leads contain confidential contact information and data about customers and potential customers, which include but are not limited to established tucking routes.

12. In addition to proprietary customer information, GTS developed a confidential list of truckers, whom it contracts to transport various shipments and cargos. GTS has established relationships with the truckers and relies heavily on them as part of its business.

13. GTS maintains its customer list and data on its server. The customer list and related data are password-protected and private.

14. GTS also maintains a list of truckers and private data and information on its server. The list of truckers and data are password-protected and private, for the benefit of both, GTS, and protection of private information of the truckers.

15. Indeed, GTS takes care to protect its trade secrets (i.e. the customer list and associated data, and trucker list and associated data). Security includes password protection and multi-factor authentication.

16. GTS only provides access to confidential information to those that need the information to perform their jobs.

**B. Hacking and distribution of proprietary and private data along with defamatory statements**

17. Between February 2 and February 12, 2024, and possibly other dates, Defendants were either able to obtain and/or able to manipulate the password of at least one of the GTS' employees, and Defendants did use that password to log into GTS' private database.

18. After logging into the GTS' database, Defendants downloaded GTS truckers' list and associated data, which includes the rates they are paid as well as private identifying information, such as loads and amounts charged to GTS' customers.

19. Upon information and belief, other information private information, such as customer lists was downloaded by the Defendants who are believed to be competitors of the Plaintiffs.

20. After hacking into GTS system, Defendants distributed said private information on February 10, 2024, via the Telegram platform to numerous third parties and the truckers being contracted by GTS.

21. On or about February 10, 2024, Defendants, using the alias of "Robin Hood," circulated the following false and defamatory email communication to a private list of truckers who were being contracted by GTS, as well as other third parties:

> Hello, I am a current dispatcher at GTS Lithuania office
> The boss is forcing us to STEAL money from drivers.
> Roman Burza and Tomas Stirbys are fascists.
> I will be quitting this company soon, so I have decided to send you your original confirmations via email.
> The rate confirmations are only for the month of JANUARY.
> They have stolen more money from you.
>
> You are not alone, there are many more drivers that I have compiled who are victims.
> This calls for a CLASS ACTION LAWSUIT.
> Drivers, please stand together and put an end to this fascist company.

You can find the full list of all drivers and rate confirmations in the Telegram channel below.
Please share with your friends and stay away from this company.

22.     In the above email, Burza and Stirbys are falsely accused of being fascists.

23.     Further, the communication falsely accuses Burza and Stirbys of stealing money.

24.     Moreover, GTS is falsely accused as a "fascist company."

25.     On or about February 13, 2024, Defendants made the following post on the social media platform, Telegram:



26.     In the above post, Stirbys is falsely identified as a "Scam Boss" and it is falsely implied that GTS is engaged in some form of theft, fraud, and/or "scam."

27.     It is believed that without appropriate relief, the Defendants have and will continue to make false and defamatory statements and use GTS' private data, which was obtained by the Defendants by illegal means to their advantage and to the detriment of the Plaintiffs. It is clear that the Defendants' intention was to disrupt the relationship of GTS and its truck drivers, to disrupt

5

GTS' ability to comply with its obligations under contracts with customers, and to otherwise destroy GTS corporation.

### COUNT I (by GTS against the Defendants)
### Violation of the Computer Fraud and Abuse Act
### 18 U.S.C. § 1030, *et seq*.

28. GTS restates and realleges paragraphs 1 through 27, as if fully set forth herein.

29. GTS computer system and server constitute a "protected computer" under the the meaning of the Computer Fraud and Abuse Act ("CFAA"). 18 U.S.C. § 1030(e)(2)(B).

30. Defendants intentionally accessed GTS' protected computer without authorization and obtained information. 18 U.S.C. § 1030(a)(2)(C).

31. Obtaining and using such information for anyone's benefit, other than GTS's, violated CFAA.

32. Defendants' acts were intentional, and without GTS's knowledge, permission, or authorization.

33. Defendants acted knowingly and with intent to defraud, and in furtherance of the intended fraud obtained valuable and private trade secrets and confidential information and/or other valuable information or the valuable use of the secure GTS system, which has a value exceeding $5,000.00 in a one-year period, in violation of 18 U.S.C. § 1030(a)(4).

34. Defendants' conduct caused GTS a loss of over $5,000.00 in a one-year period, including the costs associated with loss of drivers and business, cost of responding to the offense, conducting a damage assessment, attempting to restore the data, program, system, or information to its condition prior to the offense, to conduct a computer system analysis, and other consequential damages incurred and that will be incurred because of the disruption caused by the Defendants.

35. Because the Defendants' conduct involves loss to GTS during a one-year period aggregating at lest $5,000.00 in value (as described in 18 U.S.C. § 1030(c)(4)(A)(i)(I)), GTS is entitled to bring this civil action and is entitled to economic damages. 18 U.S.C. § 1030(g).

WHEREFORE, Plaintiff, GTS TRANSPORTATION CORPORATION, respectfully requests the Court enter a judgment in its favor for Defendants' violation of the Computer Fraud and Abuse Act; award Plaintiff punitive damages; award Plaintiff compensatory damages and all available statutory relief, including consequential damages, and attorneys' fees; award Plaintiff all necessary injunctive relief to abate the Defendants' from further illegally accessing Plaintiff's system, sharing, and/or otherwise using Plaintiff's information; and grant such other and further relief available under Computer Fraud and Abuse Act, as this court deems just.

### COUNT II (by GTS against the Defendants)
### Violation of the Stored Communication Act
### 18 U.S.C. § 2701, *et seq*.

36. GTS restates and realleges paragraphs 1 through 35, as if fully set forth herein.

37. GTS computer system constitutes a facility within the meaning of the Stored Communications Act ("SCA").

38. Defendants intentionally accessed GTS' facility without authorization. 18 U.S.C. § 2701(a)(1).

39. By using and accessing GTS' facility, Defendants engaged in willful and intentional conduct, which appears to be geared toward harming GTS reputation, business, and income.

40. Defendants' conduct has caused GTS to be damages in an amount more than $1,000.00.

41. Because GTS is a provider and/or subscriber of electronic communication services and/or has been aggrieved by Defendants' violation of the SCA, and because the Defendants acted

7

knowingly and intentionally, GTS is entitled to bring this civil action and is entitled to recover relief and damages. 18 U.S.C. § 2707(a).

42. As a result of Defendants' conduct, GTS is entitled to all damages set forth in 18 U.S.C. 2707, including injunctive relief, compensatory damages, reasonable attorneys' fees and costs, and punitive damages as determined by the Court.

WHEREFORE, Plaintiff, GTS TRANSPORTATION CORPORATION, respectfully requests the Court enter a judgment in its favor for Defendants' violation of the Stored Communications Act; award Plaintiff punitive damages; Award Plaintiff compensatory damages and all available statutory relief, including consequential damages, and attorneys' fees; award Plaintiff all necessary injunctive relief to abate the Defendants' from further illegally accessing Plaintiff's system, sharing, and/or otherwise using Plaintiff's information; and grant such other and further relief available under Stored Communications Act, as this court deems just.

### COUNT III (by GTS against the Defendants)
### Violation of the Illinois Trade Secrets Act
### 765 ILCS 1065 *et seq*.

43. GTS restates and realleges paragraphs 1 through 42, as if fully set forth herein.

44. The Illinois Trade Secrets Act ("ITSA") defines a "trade secret" as information "including, but not limited to technical or non-technical data, a formula, patter, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers" that is (a) sufficient secret to derive economic value . . . from not being generally known to other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality. 765 ILCS 1065/2(d).

45. A person misappropriates a trade secret by, among other things, disclosing the trade secret despite knowing that it was "acquired under circumstances giving rise to a duty to maintain its secrecy or limits its use" or from a person who had a duty to maintain its secrecy or use. 765 ILCS 1065/2(b)(2)(B)(II) and (III).

46. The ITSA authorizes injunctive and other relief to remedy "actual or threatened misappropriation" of trade secrets. 765 ICLS 1065/3(a).

47. Plaintiff took affirmative measures to keep all of its confidential and proprietary information (including lists of truckers and associated data and lists of customers) protected from disclosure from any unauthorized third party.

48. Plaintiff has no adequate remedy at law to protect against the illegal misappropriation and use of its confidential information and other trade secrets appropriated by the Defendants. Injunctive relief is, therefore, necessary and appropriate to restrain the illegal misappropriation, dissemination, and us of such confidential information and trade secret information pursuant to Section 3 of the ITSA. *See* 765 ILCS 1065/3.

49. Unless the Defendants are restrained and enjoined from continuing to access GTS' system and using the confidential information, GTS will suffer immediate and irreparable injuries in that it will lose business, truckers, and Defendants will continue to have access and make use of GTS's trade secrets for their own benefit and to the detriment of the Plaintiffs.

50. As a direct and proximate result of the Defendants' actual and threatened misappropriation of GTS' confidential information and other trade secrets, GTS has suffered damages in amount yet to be determined and Defendants, upon information and belief, have been and continue to be unjustly enriched by hurting GTS' business and otherwise profiting from the

information taken from GTS. Therefore, pursuant to Section 4 of the ITSA, GTS is entitled to recover damages. *See* 765 ILCS 1065/4.

51. It is inevitable that Defendants will use the confidential, proprietary trade secret information at issue and have already used it to hurt GTS' business.

52. Defendants are in violation of the ITSA for knowingly taking and/or accepting the receipt of GTS' wrongfully misappropriated confidential, proprietary, and trade secret information.

WHEREFORE, GTS respectfully requests that the Court enter a judgment in it favor; grant GTS both preliminary and permanent relief pursuant to 765 ILCS 1065/1, *et seq*. restraining and enjoining Defendants from the threatened or actual misappropriation of GTS proprietary trade secrets and confidential information; a finding that Defendants' acts and conduct constitute the actual or threatened misappropriation of trade secrets in violation of 765 ILCS 1065/1, *et seq*., and that such acts and conduct are and have been willful and malicious; compensatory and increased damages sustained as a result of Defendants' wrongful actions, together with an accounting of Defendants' profits and unjust enrichment arising from such actions; and order compelling Defendants to return any and all of GTS' confidential information and proprietary trade secrets in Defendants' possession, custody or control, and wherever and however stored physically, electronically, and/or other memorialization of such purloined information; an order requiring Defendants to take down all disseminated private or trade secret information and to stop from further disseminating private or trade secret information, whether through Telegram or other social media, internet, or otherwise; together with such other affirmative relief required to compel compliance with this order; awarding GTS punitive damages; award GTS attorneys' fees and costs pursuant to 765 ILCS 1065/1, *et seq*.; and such other further relief as this Court deems appropriate and just.

**COUNT IV (by GTS, Burza, and Stirbys against the Defendants)**
**Violation of the Illinois Trade Secrets Act**
**765 ILCS 1065** *et seq*.

53. The Plaintiffs restate and reallege paragraphs 1 through 27, as if fully set forth herein.

54. Defendants' posts on telegram and email communications about the Plaintiffs are false, malicious, unwarranted.

55. Defendants' statements via posts on telegrams and emails implied that Plaintiffs committed some form of a crime; implied that Plaintiffs' lacked ability or integrity in performance of their job duties; and prejudiced Plaintiffs in their professions and business.

56. The foregoing statements of the Defendants were published and disseminated to multiple individuals and constitute defamation *per se*. *See e.g. Solaia Tech., LLC v. Specialty Pub. Co.*, 221 Ill.2d 558, 580 (2006).

57. As a result of the Defendants' posts and emails containing false, unwarranted, and defamatory information, Plaintiffs have suffered great damages, and are entitled to punitive damages due to the malicious nature of the posts and email.

WHEREFORE, the Plaintiffs, GTS TRANSPORTATION CORPORATION; ROMAN BURZA; TOMAS STIRBYS, pray that this Court enter judgment against the Defendants, JOHN DOE(s), in an amount in excess of Fifty Thousand Dollars, plus punitive damages, plus the Plaintiff's costs of this action, and further, enjoin the Defendants from making further defamatory statements and require them to take down defamatory posts and retract defamatory emails; and for that relief deemed proper by this honorable Court.

          Respectfully Submitted,

          GTS TRANSPORTATION
          CORPORATION; ROMAN BURZA;
          TOMAS STIRBYS, *Plaintiffs*,

          /s/ Boris Samovalov
          Boris G. Samovalov, one of its attorneys

Boris G. Samovalov – ARDC 6305036
Zane D. Smith & Associates, Ltd.
111 W. Washington St., Suite 1750
Chicago, Illinois 60602
312.245.0031/boris@zanesmith.com


Michael Goode – ARDC 3125086
Law Office of Michael Goode
111 W. Washington St., Suite 1750
Chicago, Illinois 60602
312.541.1331/lawoffice_mcgoode@yahoo.com