6305036 and 3125086 File No. 5250

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS,<br><br>Plaintiffs,<br><br>v.<br><br>TEAM LINE, LLC d/b/a ROGUE CARRIER, INC.; ARTHUR PROSKURINAS, ROMAN IESYPOV; KHALILILLO ABDULLAEV; MAKSIM KARDASEV; SAULIUS LAURYNAS; and AISTE RIMKUTE; ROGUE CARRIER, INC. as alter ego of TEAM LINE, LLC;<br><br>Defendants. | ) | Case No. 24-cv-01633<br>Hon. Mary M. Rowland<br>Jury Demanded |

**<u>PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AND ENTER JUDGMENT</u>**

NOW COME the Plaintiffs, GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS (collectively, the "Plaintiffs"), and respectfully move this Court for entry of judgment against Defendants, TEAM LINE, LLC ("Team Line"); ROMAN IESYPOV ("Iesypov"); KHALILILLO ABDULLAEV ("Abdullaev"); MAKSIM KARDASEV ("Kardasev"); and SAULIUS LAURYNAS, ("Laurynas") (collectively, the "Defendants"), based upon their default under the Settlement and Release Agreement previously adjudicated and enforced by this Court:

**<u>RELEVANT FACTS AND BACKGROUND</u>**

1. On April 27, 2026, this Court granted Plaintiffs' Motion to Enforce Settlement Agreement and expressly found that parties (*i.e.* Plaintiffs on one hand, and Iesypov, Abdullaev,

Kardasev, and Laurynas, on the other hand) entered into a valid and enforceable settlement agreement (the "Agreement"). *See* Dkt. #184.

2. The Agreement requires payment of $3,000,000.00 pursuant to a detailed installment schedule beginning with a $1,000,000.00 payment due August 31, 2025. *See* the Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

3. The Agreement provides that time is of the essence, that failure to make payments constitutes default, and that Plaintiffs may seek enforcement before the Court presiding over this action, among other remedies. *See* Exhibit A, at Section 8 ("In the event of any breach of any of the terms of this Agreement, including, but not limited to Defendants' failure to pay any of the instant payments for the Settlement Payment, the Parties shall be entitled to any right and remedy allowed at law or in equity or by statute or otherwise, **including but not limited to the right to seek enforcement by the Court presiding over this Matter.**") (emphasis added).

4. The Agreement provides that the prevailing party in enforcement proceedings shall recover reasonable attorneys' fees and costs. *Id*.

5. Defendants initially attempted to repudiate the Agreement, requiring Plaintiffs to incur substantial attorneys' fees and costs in bringing the initial enforcement motion, which resulted in the Court finding that a valid agreement existed between Plaintiffs and the Defendants subject to this Motion. (Dkt. ## 145-158, 166, 183-188).

6. Specifically, the Agreement required the Defendants to make an initial payment of $1,000,000.00 by August 31, 2025, followed by monthly payments of $166,666.00 payable at the end of each month, starting with September 30, 2025, through August 31, 2026 (final payment being $166,674.00), until a total of $3,000,000.00 was paid to Plaintiffs. *See* Exhibit A, at Section 2).

7. After the Court granted Plaintiffs' motion to enforce, found the Agreement enforceable, and rejected Defendants' duress argument, Defendants, through counsel Fedor Kozlov, proposed curing their payment default by paying $500,000.00 by May 22, 2026, another $500,000.00 by June 10, 2026, and $250,000.00 monthly beginning July 1, 2026, until the $3,000,000.00 balance was paid in full.

8. Given Defendants' history of failing to honor their commitments, Plaintiffs served a Notice of Default under the Agreement and made clear that they were not waiving any rights. Plaintiffs further stated that if Defendants failed to make the promised payments, Plaintiffs would seek to enforce the Agreement and obtain entry of judgment pursuant to its terms. *See* Status Report of May 14, 2026 (Dkt. #186); *see also* a true and correct copy of the Notice of Default, along with the email sending it, and FedEx tracking confirmation, attached hereto as **Exhibit B**; *see also* Exhibit A, at Section 9.

9. Defendants falsely represented in their status report and at the May 21, 2026 status hearing that payment would be made on May 22, 2026, but no payment was made. A true and correct copy of the Declaration of Boris G. Samovalov is attached hereto as **Exhibit C**.

10. At this time, the Defendants have made it clear that they have no intention to comply with the terms of the Agreement and make any Payments.

11. Therefore, the Plaintiffs respectfully request that this Court enter a Judgment for the full settlement amount of $3,000,000.00.

12. Plaintiffs also request award of all reasonable attorneys' fees and costs incurred in connection with the Plaintiffs' enforcement Motions, including the initial motion filed on September 9, 2025 for the purpose of establishing that there was a valid agreement in this Case. (Dkt. #145).

13. Entry of a judgment against the Defendants will allow the Plaintiffs to promptly registered the Judgment in State Court and initiate appropriate post-judgment collection efforts in the State Court.

## APPLICABLE LAW

Seventh Circuit law makes clear that district courts have discretion to enter a judgment on settlement agreement reached while a case is pending before it, even though Illinois law governs contract formation. *See e.g. Wilson v. Wilson*, 46 F.3d 660, 663-664 (7th Cir. 1995) (District court has the inherent or equitable power to summarily enforce an agreement to settle a case pending before it and enter a monetary judgment on the settlement in the amount of $1.2 million); *see also e.g. Carr v. Runyan*, 89 F.3d 327, 331 (7th 1996) (The power to implement a settlement agreement between parties is inherent in the district court's role as supervisor of the litigation and the exercise of that power is particularly appropriate for deferential review); *see also e.g. First American Bank v. Cardinal Resources, LLC*, 2015 WL 2183145, *3 (N.D. Illinois 2015). Ordinarily, once a federal case is settled and dismissed, and basis for federal jurisdiction (e.g. diversity) is absent, enforcement must proceed in state court because the federal court loses jurisdiction. *Lynch v. Stamatamason, Inc.*, 279 F.3d 487, 490 (2002). A federal court may, however, retain jurisdiction to enforce the settlement agreement even in the absence of federal jurisdiction that would exist otherwise. *See Kokkonen v. Guardian Life Insurance company of America*, 114 S.Ct. 1673, 1677 (1994); *see also Dillard v. Starcon Intern. Inc.*, 483 F.3d 502, 506-07 (7th Cir. 2007); *see also Voso v. Ewton*, 2017 WL 365610, *2 (N.D. Illinois 2017) (court could enforce a settlement agreement and order payments, even after the case was dismissed without prejudice).

## ARGUMENT

### A. Judgment should be entered summarily in favor of the Plaintiffs

Plaintiffs have found no published decision from the Northern District of Illinois or the Seventh Circuit holding that a district court lacks jurisdiction to enforce a settlement agreement and enter judgment against a defaulting party while the case remains pending. To the contrary, Seventh Circuit authority confirms that this Court has inherent authority and discretion to enforce settlement agreements reached during ongoing litigation and enter judgments in the event of breach of such agreements. *See supra Wilson*, 46 F.3d 660 (7th Cir. 1995). This case is materially different from *Kokkonen*, where the action had been dismissed with prejudice. *Kokkonen*, 511 U.S. at 375. And even in *Kokkonen*, the Supreme Court recognized that a federal court may retain jurisdiction to enforce a settlement agreement, if the parties agree. *Id.* at 381-82.

Indeed, this Court has already exercised its inherent authority, consistent with *Wilson* to find that the Agreement (Exhibit A), is a valid and enforceable agreement. The Seventh Circuit repeatedly recognizes a district court's authority to enforce settlements reached in litigation pending before it. *See e.g. Beverly v. Abbott Laboratories*, 817 F.3d 328, 332-33 (7th Cir. 2016). Here, because the Court has already enforced the Agreement, the requested relief does not require adjudication of a new claim. Plaintiffs merely seek implementation of the Court's prior ruling.

The facts here closely track *Wilson*. There, the parties settled while the federal action was still pending. When one party later tried to avoid the agreement, the district court enforced the settlement and entered a judgment for $1.2 million. *Wilson*, 46 F.3d at 664. The Seventh Circuit affirmed, holding that a federal district court has inherent authority to enforce settlement agreements reached in pending litigation and that an oral settlement is enforceable where there is an offer, acceptance, and a meeting of the minds on the material terms. Because the case remained pending, the district court was not required to force the parties into a separate breach-of-contract action, but could enforce the settlement and enter judgment in the original federal case. *Id.*

A closely analogous decision from this District likewise supports entry of judgment here. In *First American Bank v. Cardinal Resources, LLC*, the court applied *Wilson* and entered judgment for the full settlement amount after the defendants failed to pay under a settlement agreement they later refused to sign, claiming they lacked sufficient funds. 2015 WL 2183145, at *3. As the court explained, "a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court." *Id.* (emphasis added; quoting *Wilson*; internal quotation marks and further citations omitted).

*First American Bank* case is particularly useful here, because there, the federal action was still pending when the parties reached a settlement, and the defendants subsequently failed to comply with the payment terms. The district court held that it possessed the inherent authority to summarily enforce a settlement agreement reached in litigation pending before it, relying on *Wilson v. Wilson*, and rejected the defendants' attempt to avoid enforcement by refusing to execute the written settlement documents. After finding that a valid and enforceable settlement had been reached and that the defendants had failed to comply with its terms, the court not only enforced the settlement but expressly directed the Clerk to enter judgment in favor of the plaintiff for the settlement amount of $280,000.00, thereby demonstrating that a federal court may enforce a settlement and enter judgment on that settlement while the underlying case remains pending and before any dismissal of the action, and despite recognizing the fact that Illinois state law applies to enforcement of settlement agreements (including oral settlement agreements). In reaching this conclusion, the court in *First American Bank*, reasoned as follows:

> '[A] district court possesses the **inherent** or equitable power **summarily to enforce an agreement** to settle a case **pending** before it.' *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). 'Oral settlement agreements are enforceable under Illinois law if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement.' *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (quotation marks omitted). In order to be enforceable, "[t]he

> essential terms must be definite and certain so that a court can ascertain the parties' agreement from the stated terms and provisions.' *Id*. quotation marks omitted). The parties' failure 'to reduce the specifics of their agreement to a written document' does not preclude enforcement of an oral settlement. *Wilson,* 46 F.3d at 661-62; *see also Dillard,* 483 F.3d at 509 (affirming the district court's decision to enforce an oral settlement despite disputes that arose over certain terms in the written agreement). . . Accordingly, the court rejects defendants' argument that the failure to execute a written settlement agreement renders the parties' oral settlement agreement unenforceable and instead grants FAB's motion to enforce the settlement agreement. As a result, the Court directs the clerk to enter judgment in favor of plaintiff and against defendants in the amount of $280,000.00 without costs.
>
> *Id*., at 3.

As in *First American Bank*, the Court should bring this matter to a final resolution by entering judgment in the amount of $3,000,000.00, plus attorneys' fees incurred in enforcing the Agreement.

**B. Defendants' liability is already established**

This Court has already resolved every issue necessary to establish liability under the settlement agreement. In its April 27, 2026 Order, the Court decided formation, acceptance, assent, consideration, meeting of the minds, and duress — the same issues typically litigated in a breach-of-contract action. Defendants fully litigated those issues and lost. Defendants' counsel, jointly with the Plaintiff, then filed a status report on May 14, 2026, and appeared in Court on May 22, 2026, representing that Defendants would cure their default by paying $500,000.00 on May 22, 2026, $500,000.00 on June 10, 2026, and $250,000.00 monthly thereafter until the $3,000,000.00 balance was paid in full. (Dkt. 188). No May 22 payment was made. Having already found that a valid agreement exists and that Defendants presented no defense to enforcement, this Court is best positioned to exercise its inherent authority to manage its docket and effectuate its prior ruling by entering judgment in favor of Plaintiffs in the amount of $3,000,000.00, plus reasonable attorneys' fees.

C. **The court should enter a judgment for the full amount of the settlement.**

The Agreement required Defendants to pay $1,000,000.00 by August 31, 2025, followed by monthly payments of $166,666.00 and a final payment of $166,674.00 on August 31, 2026, for a total of $3,000,000.00. Defendants first sought to repudiate the Agreement, and after the Court rejected that effort, they represented that they would cure the default. They did not do so. Under these circumstances, further efforts to secure compliance with the payment plan would be futile. To bring this dispute to a final resolution, the Court should enter judgment for the full settlement amount of $3,000,000.00.

D. **Equities strongly favor entry of judgment without further delay and protracted briefing**

The equities strongly favor entry of judgment. The Court has already devoted substantial resources to resolving the settlement dispute, and further delay would reward noncompliance and prejudice Plaintiffs. After promising to cure their default, Defendants failed to make the required payment and are likely to seek additional delay through further briefing on an issue that should be resolved summarily in light of the Court's prior ruling. Further, Plaintiff has complied with the provision requiring notice and time to cure the default – Defendants failed to cure the default and failed to make any payments under the terms of the Agreement. Entry of judgment will finally resolve the dispute between Plaintiffs and the Defendants subject to this Motion, allowing Plaintiffs to promptly register the judgment in state court and begin post-judgment collection efforts. Further delay would prejudice Plaintiffs, who believe Defendants are transferring assets to avoid satisfying the judgment. Plaintiffs therefore respectfully request a prompt ruling on this Motion or, if the Court requires additional briefing, that briefing be completed in time for a ruling at the July 9, 2026 hearing.

## CONCLUSION

Plaintiffs are not asking the Court to litigate a new contract claim. Plaintiffs are asking the Court to exercise its inherent and equitable authority to manage its docket and effectuate its prior ruling that there is an enforceable settlement agreement in this case, as supported by well settled precedent in the Seventh Circuit. Because the original underlying case is still active, it was never dismissed, the Court has absolute right to resolve disputes that threaten to derail final resolution of this Case. To that end, this Case is not moot, since the terms of the Settlement were never performed and a judgment on the settlement has not been entered. Therefore, Plaintiff respectfully requests entry of a judgment against the Defendants in the amount of $3,000,000.00, which will put to rest the remaining disputes between the Parties to the Agreement. Furthermore, pursuant to Paragraph 8 of the Agreement, Plaintiffs respectfully requests award of reasonable attorneys' fees and costs and leave to file a petition for fees. A copy of the proposed Judgment Order is attached hereto as **Exhibit D**.

WHEREFORE, Plaintiffs, GTS TRANSPORTATION CORPORATION, TOMAS STIRBYS, and ROMAN BURZA pray that this Honorable Court grant this Motion and enter an order as follows:

A. Granting a Judgment in favor of the Plaintiffs, in the amount of $3,000,000.00, against the Defendants, jointly and severally: TEAM LINE, LLC; ROMAN IESYPOV; KHALILILLO ABDULLAEV; MAKSIM KARDASEV; and SAULIUS LAURYNAS.

B. Granting Plaintiffs leave to file their petition for attorneys' fees and costs, incurred in connection with enforcement of their Settlement Agreement, with the foregoing Defendants, to be entered as an additional judgment.

C. Granting such other and further relief as this Court deems appropriate and just.

Respectfully Submitted,

GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS, *Plaintiffs*

By: /s/ Boris G. Samovalov_______

Zane D. Smith & Associates, Ltd.
100 N. LaSalle St., Suite 910
Chicago, Illinois 60602
312.245.0031
Boris@zanesmith.com

Michael Goode – ARDC 3125086
Law Office of Michael Goode
100 N. LaSalle St., Suite 910
Chicago, Illinois 60602
312.541.1331
lawoffice_mcgoode@yahoo.com

**CERTIFICATE OF SERVICE**

I, Boris G. Samovalov, hereby certify that on May 26, 2026, I electronically filed the foregoing **Plaintiffs' Motion to Enforce Settlement**, with the Clerk of the Court using the CM/ECF system. Notification and a copy of such filing was served on the Defendants via CM/ECF system.

GTS TRANSPORTATION CORPORATION, et al., *Plaintiffs*

By: /s/ Boris G. Samovalov_________________
Boris G. Samovalov, one of their Attorneys

Boris G. Samovalov – ARDC #6305036
ZANE D. SMITH & ASSOCIATES, LTD.
100 N. LaSalle Street – Suite 910
Chicago, Illinois 60602
(312) 245-0031
boris@zanesmith.com