**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement ("Agreement") is made by and between the **GTS TRANSPORTATION CORPORATION, ROMAN BURZA,** and **THOMAS STIRBYS** (the "Plaintiffs"), on one hand, and **TEAM LINE, LLC; ARTHUR PROSKURINAS ("Proskurinas"); ROMAN IESYPOV; KHALILILLO ABDULLAEV; MAKSIM KARDASEV; and SAULIUS LAURYNAS** (the "Defendants"), on the other hand, hereinafter collectively (including all Plaintiffs and Defendants) shall be referred to as the "Parties" to this Agreement.

**WHEREAS,** the Plaintiffs have brought a lawsuit against the Defendants, in the United States District Court for the Northern District of Illinois, Eastern Division, as case number 24-cv-01633 (the "Lawsuit"), alleging various causes of action, including but not limited to Violation of the Computer Fraud and Abuse Act, Violation of the Stored Communication Act, Defamation, Violation of the Illinois Trade Secrets Act, Intentional Interference, and Civil Conspiracy;

**WHEREAS,** the Parties hereto are desirous of resolving their disputes in the interests of judicial economy;

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into and made part of this Agreement by reference, and of the mutual promises and covenants set-forth below to be kept and performed by the Parties, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>. The above recitals are hereby incorporated into this Agreement and Release.

2. <u>Settlement Payment and Payment Plan</u>. The Defendants, excluding Proskurinas, agree and covenant to pay the total sum of $3,000,000.00 in United States Dollars (the "Settlement Payment") as full and final settlement of the Plaintiffs' claims in the Lawsuit.

   The Settlement Payment shall be paid to the Plaintiffs as follows:

   - $1,000,000.00 due and payable on or before August 31, 2025;
   - $166,666.00 due and payable on or before September 30, 2025;
   - $166,666.00 due and payable on or before October 31, 2025;
   - $166,666.00 due and payable on or before November 30, 2025;
   - $166,666.00 due and payable on or before December 31, 2025;
   - $166,666.00 due and payable on or before January 31, 2026;
   - $166,666.00 due and payable on or before February 28, 2026;
   - $166,666.00 due and payable on or before March 31, 2026;
   - $166,666.00 due and payable on or before April 30, 2026;
   - $166,666.00 due and payable on or before May 31, 2026;
   - $166,666.00 due and payable on or before June 30, 2026;
   - $166.666.00 due and payable on or before July 31, 2026;
   - $166,674.00 due and payable on or before August 31, 2026;



Blumberg No. 5119
EXHIBIT
A

Each and every one of the aforementioned payment installments of the Settlement Payment shall be made by a cashier's check or money order made payable to "Zane D. Smith & Associates, Ltd., in trust for GTS Transportation Corporation, Roman Burza, and Tomas Stirbys," and **mailed to the following address:**

**Zane D. Smith & Associates, Ltd.**
**Attention: Boris G. Samovalov**
**100 N. LaSalle St., Suite 910**
**Chicago, IL 60602**

The Defendants, at their discretion, may pay the entire Settlement Payment, with credits for any payments made, at any time prior to August 31, 2026. Further, the installment payments may be made by wire transfer, with prior request for wiring instructions and notice to Plaintiffs' counsel.

Time is of the essence for each and every payment, and a late payment may be treated as a default by the Plaintiffs. Defendants, shall not avoid liability by transferring assets, equipment, and operations from Team Line to another entity or entities (e.g. corporations or LLC). Any such transfer(s) shall be treated as a default, and such third-party entities shall be held liable for the transferred payments. Additionally, Plaintiff shall be entitled to a cause of action for fraudulent transfer, and any other remedy available at law or in equity, in the event such transfers occur, with the purpose of avoiding obligations under this Agreement. By signing this Agreement, Defendants, TEAM LINE, LLC; ROMAN IESYPOV; KHALILILLO ABDULLAEV; and MAKSIM KARDASEV warrant and represent that no such transfers to avoid payment of the Settlement Payment have been made or shall intentionally be made during the duration of the installment payment period described in Paragraph 2 of this Agreement.

3. The Plaintiff's Obligations. In consideration of Receipt of the Settlement Payment, the Plaintiff shall dismiss the Lawsuit with Prejudice within 7 days of receipt of the entire Settlement Payment.

4. No solicitation of Each Other's Employees and/or Agents. In consideration of covenants made in this Agreement, upon execution of this Agreement, TEAM LINE, LLC, shall not directly or indirectly (e.g. through another person or entity) solicit for employment or agency any individual who is or was an employee or agent (including W-9 agents) of GTS TRANSPORTATION CORPORATION. In consideration of covenants made in this Agreement, upon execution of this Agreement, GTS TRANSPORTATION CORPORATION, shall not directly or indirectly (e.g. through another person or entity) solicit for employment or agency any individual who is or was an employee or agent (including W-9 agents) of TEAM LINE, LLC.

5. Non-Disclosure. The Parties agree that these settlement terms shall be kept confidential. The Parties, and any representative acting on any of the Parties' behalf, shall not reveal the

Payment or any other terms of this Agreement to anyone who is not a Party to, or is not otherwise bound by, this Agreement, without the prior written consent of the Parties. Additionally, Proskurinas shall not disclose or discuss the subject matter of this Lawsuit. However, this paragraph shall not prevent any Party from revealing or discussing the terms of this Agreement: (a) with its lenders or potential lenders, legal advisors, accountants, tax advisors, tax agencies, governmental regulatory authorities, professional licensing authorities, title insurance companies or financial advisors; (b) with any insurance regulatory authority and/or with a current or potential insurer or any representative thereof, to the extent required by insurance regulations or for the purpose of obtaining insurance; (c) in any action regarding the breach, enforcement, or interpretation of this Agreement; or (d) as may be required by law, contract, governmental agency, or any court of competent jurisdiction. However, the Parties shall be permitted to tell third parties that they resolved their disagreement on agreed terms and that the Parties denied liability to each other. In the event of default on payment of any portion of the Settlement Payment, this Section shall be deemed null and void.

6. Non-Disparagement. Each Party agrees that they shall not, directly or indirectly, post or publish, or cause to be posted or published, any disparaging, defamatory, or negative statements about the other Party on any social media platform, or any public forum or publication, including but not limited to digital media or print media. This includes but is not limited to platforms such as Facebook, Telegram, Instagram, LinkedIn, Twitter/X, TikTok, YouTube, Reddit, and similar public or semi-public online forums. Nothing in this section shall be construed to prevent either Party from making truthful statements required by law, regulation, or legal process, or from cooperating with any governmental investigation or proceeding. Nothing in this paragraph is meant to bar future actions as a result of false and/or defamatory statements being made to third parties. In the event of violation of this clause by any Party, the Parties shall be entitled to all remedies available in law or equity, including, but not limited to, enforcement of this Agreement against violating Party or Parties. In the event of default on payment of any portion of the Settlement Payment, this Section shall be deemed null and void.

7. Reinstatement in the Event of Default. This Case shall be dismissed without prejudice with leave to reinstate in the event of default. Parties shall have the right to reinstate the Lawsuit by no later than October 31, 2026. Thereafter, the dismissal shall convert to dismissal with prejudice.

8. Rights Upon Default. In the event of any breach of any of the terms of this Agreement, including, but not limited to Defendants' failure to pay any of the installment payments for the Settlement Payment, the Parties shall be entitled to any right and remedy allowed at law or in equity or by statute or otherwise, including, but not limited to the right to seek enforcement by the Court presiding over this Matter. The prevailing party in enforcement of this Agreement shall be entitled to recovery of all of their reasonable attorneys' fees and court costs, incurred in connection with enforcement of the Agreement against the defaulting party. In the event of default on any of the installment payments, the Plaintiffs shall have the right to reinstate the Lawsuit and pursue all claims in the Lawsuit, without any limitation on

damages; in such event the Plaintiff shall not refund any of the payments made pursuant to Paragraph 2 of this Agreement and shall be entitled to seek recovery of all damages originally sought or that could be sought in the Lawsuit without any credits and/or setoffs.

9. Notice in the Event of Default. In the event any Default under the terms of this Agreement, Parties shall cause a notice of default to be sent to the Defaulting Parties, via email (if provided below) and FedEx (or another carrier that provides tracking information) to the following addresses:

If to Team Line, LLC; Roman Iesypov; Khalilillo Abdullaev; Maksim Kardasev; and/or
Saulius Laurynas:
The Law Office of Fedor Kozlov, P.C.
c/o Fedor Kozlov
1990 E. Algonquin Rd., Suite 100
Schaumburg, Illinois 60173
fedor@nslslaw.com

If to GTS Transportation Corporation, Tomas Stirbys, and/or Roman Burza:
Zane D. Smith Associates, Ltd and Law Office of Michael Goode
c/o Boris G. Samovalov and Michael Goode
100 N. LaSalle St., Suite 910
Chicago, IL 60602
boris@zanesmith.com and lawoffice_mcgoode@yahoo.com

If to Arthur Proskurinas:
c/o Arthur Proskurians
16626 Karen Sprinds Dr.
Lockport, IL 60441

The notice shall be effective at the time it is sent regardless of whether it is received by the intended recipients. If the default is not cured within 7 business days of the notice being sent, in the manner provided herein, Parties shall be entitled to proceed with a motion to reinstate the case and seek all available remedies.

The Parties may update their contact information for the purposes of Notice under this section, by sending a written notice of change of address and/or e-mail address.

10. Non-Waiver. The failure of the Parties to insist upon the strict performance of any term, covenant or condition hereof or to exercise any right or remedy consequent upon a breach thereof, shall not constitute a waiver of any such breach or of such term, covenant or condition. No term, covenant or condition hereof to be performed or complied with by the Parties, and no breach thereof, shall be waived, altered or modified except by a written instrument executed by the Parties to this Agreement.

11. Mutual Release. Upon receipt of the entire Settlement Payment, Parties, on behalf of themselves, their representatives, board members, attorneys, agents, employees, assigns, and successors, agree to and shall forever discharge, release each other and each other's members, agents, representatives, board members, attorneys, employees, assigns, and successors, from any and all legal, equitable, or other claims, counterclaims, demands, setoffs, defenses, and causes of action which were asserted, or could have been asserted against each other prior to execution of this Agreement by all Parties. Notwithstanding any of the foregoing to the contrary, nothing in this Agreement affects the Parties' ability to enforce the terms of this Agreement.

12. No Assignment of Claims. By executing this Agreement, Parties warrant that they have not transferred or assigned any claim or cause of action which they may have ever held or owned against each other, each other's heirs, their directors, officers, board members, members, managers, employees, attorneys, agents, assigns, successors, and their heirs and personal representatives.

13. Entire Agreement/Complete Understanding. The Parties acknowledge that this Agreement and Release sets forth the entire understanding of the Parties with respect to the subject matter of this Agreement and Release. Furthermore, this Agreement and Release supersedes any and all other agreements and negotiations, either oral or in writing, between the Parties with respect to the subject matter of this Agreement and Release. In addition, any modification of this Agreement and Release shall be effective only if in writing and signed by all Parties to be charged or otherwise adversely affected thereby.

14. Governing Law. The Parties agree that the construction, interpretation, operation, effect and validity of this Agreement and any documents necessary to effectuate it, shall be governed by and construed in accordance with the internal laws of the State of Illinois, without regard to the conflict of law rules.

15. Counterparts; Facsimile/Email Signature. This Agreement may be executed in identical original counterparts, with each counterpart constituting the entire Agreement. A facsimile or email signature shall be treated with the same force and effect as the original signature.

16. Validity of Agreement. By signing this Agreement, the Parties represent and agree that they have the full right and authority to sign this Agreement and that the person executing this Agreement on behalf of each Party, has the full and complete permission and authority to execute this Agreement. The Parties agree and represent that they have the right and authority to commit and fully bind themselves, their representatives, agents, principals, predecessors, successors, and privies according to the provisions hereof. This Agreement is a legally valid, binding, and enforceable obligation of the Parties and their successors in accordance with its terms. In the event a part of this Agreement is found to be unenforceable by operation of law or otherwise, the remainder of the Agreement shall remain in full force and effect.

17. No Admission. Other than for the enforcement of payment obligations in Paragraph 2, nothing in this Agreement is meant to represent nor shall be construed and/or interpreted as

nor shall be used at any proceeding as an admission of any of the claims asserted by either party or any allegations arising out of the asserted claims and/or in any way related to any acts, omissions, transactions or events claimed by either Party.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement as of the day and year first above written.

**READ BEFORE SIGNING: The Parties acknowledge and agree that they have each had the opportunity to have this Agreement reviewed by counsel of their choosing and participated in the drafting of this Agreement. Therefore, the normal rule that ambiguities are construed against the drafter shall not apply in connection with the interpretation and construction of this Agreement.**

**GTS Transportation Corporation**

Tomas Stirbys
Tomas Stirbys (Aug 25, 2025 10:51:40 CDT)
______________________________
Tomas Stirbys, its Authorized Agent

Date: 08/25/25

**Tomas Stirbys, individually**

Tomas Stirbys
Tomas Stirbys (Aug 25, 2025 10:51:40 CDT)
______________________________

Date: 08/25/25

**Roman Burza, individually**

______________________________

Date: ______________________________

**Team Line, LLC**

______________________________

By: ______________________________ [Print Name of Authorized Representative]

**Arthur Proskurinas, individually**

nor shall be used at any proceeding as an admission of any of the claims asserted by either party or any allegations arising out of the asserted claims and/or in any way related to any acts, omissions, transactions or events claimed by either Party.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement as of the day and year first above written.

**READ BEFORE SIGNING: The Parties acknowledge and agree that they have each had the opportunity to have this Agreement reviewed by counsel of their choosing and participated in the drafting of this Agreement. Therefore, the normal rule that ambiguities are construed against the drafter shall not apply in connection with the interpretation and construction of this Agreement.**

**GTS Transportation Corporation**

______________________________
Tomas Stirbys, its Authorized Agent

Date:___________________________

**Tomas Stirbys, individually**

______________________________

Date:___________________________

**Roman Burza, individually**

Roman Burza
______________________________

Date: 08/25/25

**Team Line, LLC**

______________________________

By:______________________________ [Print Name of Authorized Representative]

**Arthur Proskurinas, individually**

______________________________

Date:___________________________

**Roman Iesypov, individually**

______________________________

Date:___________________________

**Khalilillo Abdullaev, individually**

______________________________

Date:___________________________

**Maksim Kardasev, individually**

______________________________

Date:___________________________

**Saulius Laurynas, individually**

______________________________

Date:___________________________

nor shall be used at any proceeding as an admission of any of the claims asserted by either party or any allegations arising out of the asserted claims and/or in any way related to any acts, omissions, transactions or events claimed by either Party.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement and Release Agreement as of the day and year first above written.

**READ BEFORE SIGNING: The Parties acknowledge and agree that they have each had the opportunity to have this Agreement reviewed by counsel of their choosing and participated in the drafting of this Agreement. Therefore, the normal rule that ambiguities are construed against the drafter shall not apply in connection with the interpretation and construction of this Agreement.**

**GTS Transportation Corporation**

________________________________

Tomas Stirbys, its Authorized Agent

Date:______________________________

**Tomas Stirbys, individually**

________________________________

Date:______________________________

**Roman Burza, individually**

________________________________

Date:______________________________

**Team Line, LLC**

________________________________

By:______________________________ [Print Name of Authorized Representative]

**Arthur Proskurinas, individually**

08.25.25

ARTURAS PROSKURINAS

______________________________

Date: 08.25.25

**Roman Iesypov, individually**

______________________________

Date:______________________________

**Khalilillo Abdullaev, individually**

______________________________

Date:______________________________

**Maksim Kardasev, individually**

______________________________

Date:______________________________

**Saulius Laurynas, individually**

______________________________

Date:______________________________

6305036 and 3125086 File No. 5250

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS,<br><br>Plaintiffs,<br><br>v.<br><br>TEAM LINE, LLC d/b/a ROGUE CARRIER, INC.; ARTHUR PROSKURINAS, ROMAN IESYPOV; KHALILILLO ABDULLAEV; MAKSIM KARDASEV; SAULIUS LAURYNAS; and AISTE RIMKUTE; ROGUE CARRIER, INC. as alter ego of TEAM LINE, LLC;<br><br>Defendants. | ) | Case No. 24-cv-01633<br>Hon. Mary M. Rowland<br>Jury Demanded |

**DECLARATION OF BORIS G. SAMOVALOV**

I, BORIS G. SAMOVALOV, declare as follows:

1. I am counsel for the Plaintiffs, GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS (the "Plaintiffs"), along with co-counsel, Michael Goode, in this matter. I am duly licensed to practice law in the State of Illinois and am a member of the bar of this Court.

2. I have personal knowledge of every fact stated herein and could competently testify thereto if called as witness.

3. I make this Declaration in support of Plaintiffs' Motion to Enforce Settlement Agreement and Enter Judgment.

4. On July 2, 2026, at 4:15 p.m. I checked with Zane D. Smith & Associates Ltd., office manager, to see whether the third installment payment (due on July 1, 2026) in the amount



Blumberg No. 5119
EXHIBIT
B

of $250,000.00 was received in our Firm's Client trust account. As of that date and time, no payment was received from the Defendants, TEAM LINE, LLC, ROMAN IESYPOV, KHALILLILLO ABDULLAEV, MAKSIM KARDASEV, and SALIUS LAURYNAS.

5. Furthermore, as of 4:15 p.m. on July 2, 2026, I have not received any written confirmation from Mr. Fedor Kozlov, on behalf of his clients, that the funds were wired to Zane D. Smith & Associates' client trust account.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July, 2026, at Chicago, Illinois.

/s/ *Boris G. Samovalov*
Boris G. Samovalov

Boris G. Samovalov of Zane D. Smith & Associates, Ltd.
100 N. LaSalle St., Suite 910
Chicago, IL 60602
312.245.0031
boris@zanesmith.com
ARDC: 6305036

6305036 and 3125086 File No. 5250

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 24-cv-01633<br>Hon. Mary M. Rowland<br>Jury Demanded |
| TEAM LINE, LLC d/b/a ROGUE CARRIER, INC.; ARTHUR PROSKURINAS, ROMAN IESYPOV; KHALILILLO ABDULLAEV; MAKSIM KARDASEV; SAULIUS LAURYNAS; and AISTE RIMKUTE; ROGUE CARRIER, INC. as alter ego of TEAM LINE, LLC; | ) | |
| Defendants. | ) | |

**<u>JUDGMENT ORDER</u>**

**THIS CAUSE** coming to be heard on Plaintiffs', GTS TRANSPORTATION CORPORATION, ROMAN BURZA, and TOMAS STIRBYS, Motion to Enforce Settlement and Enter Judgment, all parties having notice and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that Plaintiff's Motion is granted.

**IT IS FURTHER ORDERED** that Judgment is entered in favor of the Plaintiff, and against Defendants, TEAM LINE, LLC; ARTHUR PROSKURINAS; ROMAN IESYPOV; KHALILLILO ABDULLAEV; MAKSIM KARDASEV; and SALIUS LAURYNAS, jointly and severally, in the amount $2,000,000.00, which resolves all claims against said Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs have leave to file a petition for award of attorneys' fees and costs against said defendants.

**IT IS FURTHER ORDERED** that the case remains pending against AISTE RIMKUTE and ROGUE CARRIER, INC.

ENTER:

______________________________

Judge
Date: ______________________

Boris G. Samovalov
ZANE D. SMITH & ASSOCIATES, LTD.
100 N. LaSalle St., Suite 910
Chicago, Illinois 60602
(312) 245-0031

Blumberg No. 5119
EXHIBIT
C